# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN KEENAN, through his guardian
KATHLEEN COX

    Plaintiff,

v.

TOYS "R" US, INC.,

    Defendant.

Case No. 2:05-CV-00615-KJD-LRL

**ORDER**

    Currently before the Court is Plaintiff's Motion to Change Venue or in the Alternative, Motion for Jury Trial (#100). Subsequent to filing said Motion, the Court held a Status Conference (#101) in which Judge Lloyd D. George, who was then presiding over the case, ordered that the action be forwarded to the Clerk of the Court for reassignment. Judge Lloyd D. George then recused himself from the case, and the action was assigned to Judge Kent J. Dawson on random re-assignment. (See ## 102, 105). Prior to the action being reassigned, Plaintiff filed an additional Motion for Jury Trial (#103). Defendant filed a Response in opposition (#104), to which Plaintiff filed a Reply. The Court has considered both of Plaintiff's Motions, the Response, and Reply, and issues its ruling on both Motions together herein.

**I. Background**

    The Complaint in this case was filed in state court on January 18, 2005.[1] Defendant removed the action to federal court on or about May 17, 2005. Defendant subsequently filed its Answer to

---

[1] The underlying facts of this action have been briefed extensively by the Court and are integrated here in the interests of judicial economy.

Plaintiff's Complaint on or about May 23, 2005.  On or about July 18, 2005, Plaintiff filed a Motion for Jury Trial.  Defendant subsequently filed a Motion to Strike Plaintiff's Motion for Jury Trial, which Plaintiff opposed, and to which Defendant filed a Reply.  On September 20, 2005, Judge Lloyd D. George issued an Order granting Defendant's Motion to Strike upon finding that "the plaintiff has not shown cause beyond mere oversight or inadvertance," and holding that "the untimely jury demand must be stricken" (#15).

Following the completion of discovery, Defendant filed a Motion for Summary Judgment, which was granted by the Court on July 17, 2008.  Plaintiff subsequently appealed the matter to the Ninth Circuit Court of Appeals.  One of the specific issues raised on appeal was whether the District Court "erred in granting Toys "R" Us's Motion to Strike Plaintiff's Demand for Jury Trial." (#106 at 2.)

On September 13, 2010, the Ninth Circuit issued its Memorandum Decision in which it affirmed in part, and reversed and remanded in part, this case.  Regarding the issue of whether Plaintiffs were entitled to a jury trial, the Court of Appeals specifically "affirm[ed] the district court's decision to strike Keenan's untimely jury demand." (#93 at 4.)  Specifically, the Court of Appeals stated that [s]ince Keenan's failure to timely file a jury demand resulted from oversight, the district court did not abuse its discretion."  (Id.)

Here, Plaintiff seeks that the Court exercise its discretion to order a jury trial now that the action has been remanded, because the remaining issues are "uniquely suited to fact-finding by a jury." (#103).  Plaintiff specifically avers that it is not seeking that the Court reconsider or reverse its prior decision to strike Plaintiff's untimely jury demand, but rather exercise its discretionary authority to further the "interests of justice" and "fairness", and "in recognition of the Plaintiff's fundamental right to a jury trial." (#106 at 2.)

**II. Discussion**

Fed. R. Civ.P. 39(b) provides that a court may, "on motion, order a jury trial on any issue for which a jury might have been demanded."  Additionally, the Nevada Supreme Court has held that a

2

court maintains the discretion to order a jury trial, even where the moving party has waived its right to a jury prior to appeal.  See <u>Executive Management, Ltd. v. Ticor Title Insurance Comany</u>, 38 P.3d 872 (2002).  Regarding the issue of whether to allow a party that initially waived its right to a jury trial, to seek relief from said waiver, the <u>Executive Management</u> Court specifically chose to apply the "more moderate approach taken by federal courts" to allow a party to move for such relief on remand pursuant to Fed. R. Civ. P. 39(b).

Though pursuant to <u>Executive Management</u> and Fed. R. Civ. P. 39(b) the Court has discretionary authority to grant Plaintiff's Motion, here, Plaintiff presents no persuasive argument or authority demonstrating that said relief is merited or apropos.  Contrary to the facts in <u>Executive Management</u>, the record in this action clearly demonstrates that in denying Plaintiff's prior demand for jury trial, the Court properly considered the circumstances of the case, and exercised its discretion to deny the Motion.  Moreover, and as stated above, upon appeal, the Ninth Circuit Court of Appeals addressed the issue squarely, and upheld this Court's decision.  Additionally, upon remand, the district court judge who presided over the underlying action and issued the Order on Summary Judgment has recused himself from the action, and the case has been assigned a new judge.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that  Plaintiff's Motion to Change Venue and Motion for Jury Trial (##100, 103) are **DENIED**.

DATED this 31st day of May, 2011.

_____
Kent J. Dawson
United States District Judge